Jack G. Fruchter (JF-8435)
Ximena R. Skovron (XS-3397)
**ABRAHAM FRUCHTER & TWERSKY LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZEESHAN NAYAB, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> -against- <br><br> INTERACTIVE BROKERS GROUP, INC., <br><br> Defendant. | Case No. 08 CV 00242 (CM) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT SEOW LIN AS LEAD PLAINTIFF AND TO APPOINT ABRAHAM FRUCHTER & TWERSKY LLP AS LEAD COUNSEL**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

SUMMARY OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.  THE SECURITIES ACT PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED
    FOR CLAIMS BROUGHT AS A CLASS ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. SEOW LIN SHOULD BE APPOINTED THE LEAD PLAINTIFF FOR THE CLASS . 4

   A. Seow Lin Herein Moves for Appointment As Lead Plaintiff Within Sixty Days of
      Publication of the Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   B. Seow Lin Has The Requisite Financial Interest
      In The Relief Sought By The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   C. Seow Lin Otherwise Satisfies Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. THE COURT SHOULD APPROVE THE APPLICANT'S CHOICE
     OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

**Cases**                                                             **Page(s)**

*De La Fuente v. Stokely-Van Camp, Inc.*,
  713 F.2d 225 (7th Cir. 1983) .......................................................... 6

*Greebel v. FTP Software, Inc.*,
  939 F. Supp. 57 (D. Mass. 1996) ..................................................... 3

*In re Drexel Burnham Lambert Group, Inc.*,
  960 F.2d 285 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993) ......... 6

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................... 6

*Tellabs Inc. v. Makor Issues & Rights, Ltd.*,
  127 S. Ct. 2499 (2007) .............................................................. 4

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
  216 F.R.D. 248 (S.D.N.Y. 2003) ..................................................... 5

**Statutes and Rules**

15 U.S.C. § 77z-1(a)(3) ................................................................ 3

15 U.S.C. § 77z-1(a)(3)(A)(II) ......................................................... 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ..................................................... 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) ................................................. 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb) ................................................. 5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) ................................................. 5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) .................................................... 4

15 U.S.C. § 77z-1(a)(3)(B)(v) .......................................................... 7

Seow Lin ("Lin") respectfully submits this memorandum of law in support of this motion to: (i) appoint Seow Lin as lead plaintiff; and (ii) approve the selection of the firm of Abraham Fruchter & Twersky LLP as lead counsel.

## SUMMARY OF ACTION

This action is brought on behalf of all persons who purchased or otherwise acquired shares of Interactive Brokers Group, Inc. ("IBG" or the "Company") Class A common stock (the "Common Stock") traceable to its initial public offering ("IPO") which occurred on May 4, 2007 (the "Class"). Complaint ¶1.[1] The claims asserted arise under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act"). Complaint ¶2.

IBG, together with its subsidiaries, operates as an automated global electronic market maker and broker. Complaint ¶7. It specializes in routing orders, as well as in executing and processing trades in securities, futures, and foreign exchange instruments. *Id.* IBG conducted its IPO between May 4, 2007 and May 9, 2007, selling 40 million shares of Common Stock to the investing public at a price of $30.01 per share, raising more than $1.2 billion. Complaint ¶15. The IPO was accomplished through a registration statement ("Registration Statement") and prospectus (the "Prospectus") filed with the Securities and Exchange Commission ("SEC"). *Id.*

The Registration Statement and Prospectus positively described IBG's function as a "market maker," not an investor, stating that the Company's ability to generate profits "is generally a function of transaction volume on electronic exchanges rather than volatility or the direction of price movements." *Id.* at ¶19. IBG further touted its "proprietary pricing mathematical model" as providing the Company with a "significant advantage" over its competition, enabling it to maximize profits while minimizing losses typically associated with

---

[1] The use of the term "Complaint" refers to the Class Action Complaint filed in *Nayab v. Interactive Brokers Group, Inc.*, Case No. 08-00242 (S.D.N.Y.)

manual risk management in that it "continuously evaluates and monitors the risks inherent in [the Company's] portfolio, assimilates market data and reevaluates outstanding quotes in [the Company's] entire portfolio each second." *Id.* at ¶¶18, 19.

Furthermore, the Company reported that it "may incur losses from our market making activities in the event of failures of our proprietary pricing model." *Id.* at ¶23. These and other statements made in the Registration Statement and Prospectus are alleged to have been false and misleading because they failed to disclose that the Company had, in fact, suffered a material loss of $37 million prior to the closing of the IPO as a result of options market manipulation and that its proprietary system was unable to prevent losses from such manipulation at the time of the IPO. *Id.* at ¶¶20, 25.

In a Form 8-K filed on July 5, 2007, IBG reported that it had incurred a $37 million loss beginning on May 4, 2007 and continuing on the following few trading days as a result of the options market manipulation in the German electronic stock market. Complaint ¶25. In reaction to this disclosure, the price of IBG's Common Stock dropped from $27.11 per share to $24.97 per share on extremely heavy trading volume. Complaint ¶26.

## ARGUMENT

### I. THE SECURITIES ACT PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION

On December 22, 1995, Congress amended the Securities Act by enacting the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) ("PSLRA"). Specifically, Section 27(a)(3) of the Securities Act provides that, within 20 days after the date on which a class action is filed,

> the plaintiff or plaintiffs shall cause to be published, in a widely
> circulated national business-oriented publication or wire service, a

>   notice advising members of the purported plaintiff class -- (I) of
>   the pendency of action, the claims asserted therein, and the
>   purported class period; and (II) that, not later than 60 days after the
>   date on which the notice is published, any member of the
>   purported class may move the court to serve as lead plaintiff of the
>   purported class.

*See* 15 U.S.C. § 77z-1(a)(3).

The complaint in this action was filed on January 11, 2008, the same date that a notice was published on the Business Wire concerning the filing of the above-captioned class action against defendant IBG. *See* Exhibit A to the Declaration of Ximena R. Skovron in Support of Motion to Appoint Seow Lin as Lead Plaintiff and Abraham Fruchter & Twersky LLP as Lead Counsel ("Skovron Decl."). The notice advised members of the purported class of the pendency of the action, the claims asserted and the purported class period. As a result, the notice satisfied all the requirements of the PSLRA. *See generally*, *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996).

Section 27(a)(3)(B) of the Securities Act directs the Court to consider any motions by purported class members to serve as lead plaintiffs in response to any such notice by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate any actions asserting substantially the same claim or claims, and to presume that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons who:

>   (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
>   (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc)   otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

      (aa)    will not fairly and adequately protect the interests of the class; and

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

## II. SEOW LIN SHOULD BE APPOINTED THE LEAD PLAINTIFF FOR THE CLASS

As set forth in greater detail below, Seow Lin satisfies the prerequisites for appointment as lead plaintiff. In addition, there are no deficiencies in Lin's adequacy which would cause her to be an inappropriate choice to serve as lead plaintiff. Therefore, Lin brings this motion for the purpose of securing her appointment as lead plaintiff in this action and to obtain approval of her choice of lead counsel.

### A. Seow Lin Herein Moves for Appointment As Lead Plaintiff Within Sixty Days of Publication of the Notice

The first requirement to being appointed a lead plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa). In addition, the PSLRA requires that any motion for appointment as lead plaintiff be made within sixty days of publication of the notice. *See* 15 U.S.C. § 77z-1(a)(3)(A)(II). Here, the notice was published on January 11, 2008. Thus, the instant motion has been filed within sixty days of that date. As such, Lin satisfies the first prong of the most adequate plaintiff test.

**B.     Seow Lin Has The Requisite Financial Interest In The Relief Sought By The Class**

The second prerequisite to being appointed a lead plaintiff is that "in the determination of the Court, [the plaintiff] has the largest financial interest in the relief sought by the Class" of those persons moving to be appointed lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). Lin purchased 8,500 shares of IBG Common Stock in the IPO and was damaged thereby. *See* Certification of Seow Lin and Attachment A, attached as Exhibit B to the Skovron Decl.). It is believed that Lin has the largest financial interest in the relief sought, and therefore, this requirement of the PSLRA is satisfied.

**C.     Lin Otherwise Satisfies Rule 23**

The lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the class certification motion. *See, e.g., Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citation omitted). As detailed below, Lin satisfies both the

typicality and adequacy requirements of Rule 23, thereby justifying her appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See, e.g., In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted).

Lin satisfies this requirement because, the same as other members of the Class, she purchased registered shares of IBG Common Stock in the IPO pursuant to the Prospectus and has legal claims similar to those of other class members which are predicated upon Section 11 and 12(a)(2) of the Securities Act. Thus, Lin's claims are typical of those of other Class members since her claims and the claims of other Class members arise out of the same course of events and are based on the same legal theory.

Rule 23(a)(4) provides that the representative party must "fairly and adequately protect the interests of the class." In the Second Circuit, adequacy depends on: (1) whether the named plaintiff and his counsel have any conflicts of interest with other class members; (2) whether class counsel is qualified and experienced; and (3) whether the named plaintiff and his counsel

will prosecute the action vigorously on behalf of the class. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).

Here, Lin has no conflict with the interests of the members of the Class. Lin wants to obtain the maximum recovery for the Class so as to maximize her pro rata share of that recovery. Lin and her counsel have also demonstrated that they will prosecute the claims of the Class vigorously by having acted to file this motion. Thus, Lin satisfies the adequacy requirements of Rule 23.

### III.   THE COURT SHOULD APPROVE THE APPLICANT'S CHOICE OF COUNSEL

The Securities Act provides that the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). In that regard, Lin has selected and retained Abraham Fruchter & Twersky LLP to serve as Lead Counsel. Abraham Fruchter & Twersky LLP has previously practiced before this Court and has the commitment and ability to accomplish the required tasks since it has extensive experience and is highly competent in prosecuting similar actions. *See* Skovron Decl. Exhibit C.

### CONCLUSION

In light of the foregoing, Seow Lin respectfully requests that the Court: (i) appoint Seow Lin as lead plaintiff in this action; and (ii) approve the selection of Abraham Fruchter & Twersky LLP as lead counsel.

Dated: March 11, 2008

                              **ABRAHAM FRUCHTER & TWERSKY LLP**

                              By:_____/S/_____
                                  Jack G. Fruchter (JF-8435)
                                  Ximena R. Skovron (XS-3397)
                                  One Penn Plaza, Suite 2805
                                  New York, New York 10119

Telephone: (212) 279-5050
Facsimile:  (212) 279-3655
**Proposed Lead Counsel for Plaintiffs**