UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
ZEESHAN NAYAB, Individually and On :
Behalf of All Others Similarly Situated,
                                    :     Civil Action No. 08 CV 00242 (CM)
          Plaintiff,
                                    :     **ELECTRONICALLY FILED**
     -against-
                                    :
INTERACTIVE BROKERS GROUP, INC.,
                                    :
          Defendant.
                                    :
------------------------------------ X


**REPLY MEMORANDUM OF LAW OF
DEFENDANT INTERACTIVE BROKERS GROUP, INC.
IN SUPPORT OF ITS MOTION FOR AN UNDERTAKING**


                              DECHERT LLP
                              30 Rockefeller Plaza
                              New York, NY  10112-2200
                              (212) 698-3500
                              (212) 698-3599 (fax)

                              *Attorneys for Defendant Interactive Brokers
                              Group, Inc.*

13130019

## Table Of Contents

Table of Authorities ................................................................................................................ ii

Preliminary Statement ............................................................................................................ 1

Argument ................................................................................................................................ 2

THE COURT SHOULD REQUIRE PLAINTIFF TO POST AN
UNDERTAKING FOR COSTS, INCLUDING ATTORNEY'S FEES .......................................... 2

    A.    The Complaint Borders On The Frivolous ............................................................. 2

    B.    The Complaint Was Brought In Bad Faith ............................................................. 5

Conclusion .............................................................................................................................. 6

13130019

# Table of Authorities

## CASES

Halperin v. EBanker USA.com
    295 F.3d 352 (2d Cir. 2002)..................................................................................4

I.G. Farben Shareholders Organization v. UBS AG,
    No. 05-CV-4041, Slip Copy, 2006 WL 2828558 (E.D.N.Y. Sept. 6, 2006) ...............4, 5

In re Merrill Lynch & Co. Research Reports Securities Litigation,
    272 F. Supp. 2d 243 (S.D.N.Y. 2003).....................................................................3

In re Salomon Smith Barney Mutual Funds Fee Litig., 441 F. Supp. 2d 579, 589
    (S.D.N.Y. 2006) ...................................................................................................3

Pani v. Empire Blue Cross Blue Shield,
    152 F.3d 67 (2d Cir. 1998)....................................................................................3

Straus v. Holiday Inns, Inc.,
    460 F. Supp. 729 (S.D.N.Y. 1978) .....................................................................2, 4

## STATUTES

15 U.S.C. § 77k(e) ............................................................................................................1

22 NYCRR § 1200.6 (2008) ..............................................................................................5

13130019

Defendant Interactive Brokers Group, Inc. respectfully submits this reply memorandum of law in support of its motion, pursuant to Section 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e), for an order requiring Plaintiff to post an undertaking in the amount of $250,000 as security for costs, including attorneys' fees, incurred and anticipated to be incurred by the Company in defending this action.[1]

### Preliminary Statement

IB's opening memorandum demonstrated Plaintiff should be required to post an undertaking as security for IB's costs, including attorneys' fees, for two independent reasons -- the Complaint borders on the frivolous because it is apparent from the face of the Complaint that the alleged misrepresentations in IB's Registration Statement did not cause Plaintiff's alleged loss and the Complaint was filed in bad faith and for the improper purpose of locating other potential plaintiffs.

Plaintiff's opposition brief does not dispute either of these facts. Indeed, Plaintiff makes no effort to defend the viability of the Complaint. To the contrary, Plaintiff's argument that the Complaint does not border on the frivolous rests entirely on assertions that IB allegedly made other misrepresentations *that are not even mentioned in the Complaint*. Although Plaintiff claims that such allegations will be included in an Amended Complaint, he does not attach a proposed Amended Complaint to his opposition brief. In any event, those allegations would fail to state a Section 11 claim because IB's Registration Statement adequately disclosed the risk that IB's earnings could be adversely affected by manipulative or illegal options trading by counterparties, as occurred in the first quarter of 2007.

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning given them in the Memorandum of Law of Defendant Interactive Brokers Group, Inc. in Support of Its Motion for an Undertaking ("Def. Mem.").

1

13130019

Likewise, Plaintiff does not dispute that the Complaint was filed for the purpose of locating other potential plaintiffs to replace Mr. Nayab as a lead plaintiff and proposed class representative. In fact, Plaintiff did not even seek to be appointed lead plaintiff, voluntarily yielding that role to Seow Lin, and representing that he intends to file a motion to withdraw as a named plaintiff. Rather, Plaintiff's counsel (who not coincidentally also represent Ms. Lin) argue that filing the Complaint in an attempt to locate other potential plaintiffs was neither bad faith nor an improper purpose because they could have simply advertised for potential plaintiffs. But an advertisement for plaintiffs in this District would have been subject to the restrictions and conditions on lawyer advertising contained in the New York Rules of Professional Responsibility, rules that Plaintiff's counsel conveniently avoided by filing a legally insufficient Complaint and then publishing the notice mandated by the PSLRA. This Court should not tolerate such conduct.

## Argument

**THE COURT SHOULD REQUIRE PLAINTIFF TO POST AN UNDERTAKING FOR COSTS, INCLUDING ATTORNEY'S FEES**

A.   <u>The Complaint Borders On The Frivolous</u>

IB's opening brief explained that the Complaint itself established the affirmative defense of lack of loss causation, since Plaintiff admits that he sold all of his IB stock on May 30, 2007, more than a month before the alleged corrective disclosure of the Altana options manipulation on July 5, 2007. (Def. Mem. at 4-6.) Plaintiff acknowledges that this Court has the power to require an undertaking in this case under Section 11(e), see <u>Straus v. Holiday Inns, Inc.</u>, 460 F. Supp. 729, 732 (S.D.N.Y. 1978), but argues that an undertaking is not justified because Plaintiff is not required to prove loss causation as an element of his claim. (Pl. Mem. at 4-5.)

2

That the absence of loss causation is an affirmative defense to a Section 11 claim rather than an element of Plaintiff's prima facie case -- which IB's opening brief explained (Def. Mem. at 5) -- makes no difference.  The simple fact is that the Complaint is premised entirely on the Registration Statement's purported failure to disclose the Altana options manipulation that began after the Registration Statement was issued, but Plaintiff had sold all of his IB stock long before that alleged omission was corrected and IB's stock price allegedly dropped.  Hence, the Complaint itself establishes IB's affirmative defense of lack of loss causation.  See, e.g., In re Merrill Lynch & Co. Research Reports Securities Litig., 272 F. Supp. 2d 243, 253-255 (S.D.N.Y. 2003); see also Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998).

Plaintiff does not address and cannot distinguish Merrill Lynch, which holds that a Section 11 claim can and should be dismissed when the lack of loss causation is apparent from the facts on the face of the Complaint.  In that case, the court dismissed the Section 11 claim because the Complaint showed that all of "[p]laintiff's alleged 'losses' occurred before [defendant's] disclosure." Id. at 254.  Here, in exactly the same manner, the Complaint alleges Plaintiff sold all of his stock on May 30, 2007, but admits that IB's disclosure, which allegedly causes his losses, did not occur until July 5, 2007.

Plaintiff's effort to distinguish In re Salomon Smith Barney Mutual Funds Fee Litig., 441 F. Supp. 2d 579, 589 (S.D.N.Y. 2006) on the ground that that action involved an insufficient legal theory rather than factual allegations that defeat the legal theory is without merit.  There, as here, the "complaint establishe[d] that there [was] no loss causation." Id. at 585.  The court recognized that is was therefore appropriate to dismiss the Complaint on the pleadings because loss causation was not cognizable. Id. at 591.

3

13130019

Thus, rather than attempt to defend the viability of the Complaint, Plaintiff now argues that he sold his IB stock following a May 29, 2007 earning announcement that revealed that IB's first quarter 2007 earnings had been adversely affected by "unexpectedly heavy options activity in advance of certain corporate announcements" and that the Altana options manipulation disclosed after he had sold his position was simply another instance of the first quarter losses. But these allegations *do not appear* in the Complaint, and Plaintiff did not attach a proposed Amended Complaint to his opposition brief. For good reason: These new purported allegations do not give rise to a Section 11 claim because the Registration Statement adequately disclosed this precise risk. See Registration Statement (the Risk Factors of which is annexed as Exhibit 1 to the Declaration of Neil A. Steiner, dated March 20, 2008) at 24 ("As market makers, we provide liquidity by buying from sellers and selling to buyers. Quite often, we trade with others who have different information than we do, and as a result, we may accumulate unfavorable positions preceding large price movements in companies. Should the frequency or magnitude of these events increase, our losses will likely increase correspondingly."). Were Plaintiff to plead this new theory in an amended pleading, it too will be subject to dismissal at the pleading stage. See, e.g., Halperin v. EBanker USA.com, 295 F.3d 352, 361-62 (2d Cir. 2002) ("The cautionary language addresses the relevant risk directly, and therefore neither offering memorandum was misleading.").

Of course, the very purpose of an undertaking under Section 11(e) is to provide security to protect a defendant, like IB here, against the expenditure of hundreds of thousands of dollars in legal fees to obtain dismissal of constantly changing -- but equally insufficient -- allegations of securities fraud. Courts have noted that "among Congress's principal purposes in enacting this section was to deter the bringing of meritless actions solely for the purposes of procuring a

favorable settlement." Straus, 460 F. Supp. at 732 (citations omitted). With Section 11(e) Congress sought to address the cost associated with a motion to dismiss, and requiring Plaintiff to post an undertaking in this case serves that objective.

B.   The Complaint Was Brought In Bad Faith

Bad faith may be inferred from actions that are so completely without merit that the actions require the conclusion they were undertaken for some improper purpose. See I.G. Farben Shareholders Organization v. UBS AG, No. 05-CV-4041, 2006 WL 2828558, at *7 (E.D.N.Y. Sept. 6, 2006). IB's opening memorandum explained that the obvious deficiencies in the Complaint, coupled with mandatory publication of notice to other potential plaintiffs, strongly suggested that the action was filed in bad faith and for the improper purpose of locating other potential plaintiffs. Notably, Plaintiff and his counsel do not dispute that the primary purpose in filing the Complaint was to locate other potential plaintiffs. Rather, Plaintiff argues that this was not an improper purpose or bad faith because his counsel could simply have advertised for other plaintiffs. (Pl. Mem. at 6-7.)

Plaintiff's argument fails for two reasons. First, Plaintiff admits that his lawyer could only have advertised for plaintiffs "provided certain procedures [we]re followed," (Pl. Mem. at 7) (citing 22 NYCRR § 1200.6 (2008)), but makes no effort to show that those procedures were followed in connection with the notice published here. Second, there can be little doubt that a notice advising that a Complaint had already been filed in federal court is likely to be taken more seriously and given more weight with a potential plaintiff and potential client than an ordinary lawyer advertisement that is appropriately marked as such. And it is clear that Plaintiff's or his counsel's tactic to locate other potential plaintiffs succeeded, since Plaintiff did not even file a motion to be appointed lead counsel, but Ms. Lin -- the only person to file such a motion -- seeks to have Plaintiff's counsel appointed as lead counsel on behalf of the purported class.

C.  IB's Motion Is Not Moot

Plaintiff's final argument against requiring an undertaking is that the motion is moot because Plaintiff did not seek to be appointed lead plaintiff and intends to withdraw as a named plaintiff. Allowing Plaintiff to avoid an undertaking by filing the initial Complaint and then simply not moving to be lead plaintiff and retreating to the role of absent class member would eviscerate the provisions of Section 11(e). Rather, the Court should require the undertaking as a precondition to Ms. Lin continuing to prosecute this action as the lead plaintiff and to Mr. Nayab participating in the action as an absent class member.

## Conclusion

For the foregoing reasons, IB respectfully requests that the Court require Plaintiff to post an undertaking in the amount of $250,000 as a condition to continuing to prosecute this litigation.

Dated: New York, New York.
      March 10, 2008

DECHERT LLP

By: _____
    Andrew J. Levander
    Neil A. Steiner
30 Rockefeller Plaza
New York, NY 10112-2200
(212) 698-3500
(212) 698-3599 (fax)
andrew.levander@dechert.com
    *Attorneys for Defendant*
    *Interactive Brokers Group, Inc.*